Justice EISMANN,
specially concurring.
Idaho Code section 12-120(3) provides insofar as is relevant, “In any civil action to recover ... in any commercial transaction ..., the prevailing party shall be allowed a reasonable attorney’s fee to be set by the court, to be taxed and collected as costs.” The statute does not require an action to recover on a commercial transaction. It requires that the claim be an action to recover in a commercial transaction. Bryan Trucking sued Gier for fraud allegedly committed in a commercial transaction. The material allegations in Bryan Trucking’s amended complaint alleged:
COUNT I
(Fraud)
14. Ring, Gier represented to Bryan Tracking that the motor in the track had been recently overhauled. Such representations were false in that the motor had not been recently and properly overhauled.
15. Additionally, such statements that the motor was overhauled were false in that the motor had been overheated to a point that significant damage occurred to the motor. Upon advising Bryan Tracking that the motor was overhauled, Ring and Gier created a duty to also disclose that the motor had since been overheated and damaged.
*428 16. The false statements that the motor had been overhauled and the failure to disclose that the motor had been overheated were material because Bryan Trucking purchased that particular truck for the sole reason that it had an overhauled motor, and would not have purchased the truck had the true facts been given to Bryan Trucking.
[[Image here]]
18. Both Defendants intended for Bryan Trucking to act on the false representations of the Defendants by purchasing a truck.
19. Bryan Trucking was ignorant of the fact that the truck had not been previously overhauled and that it had been previously overheated and damaged and relied on the truth of these statements in that Bryan Trucking purchased the truck....
20. Bryan Trucking had a right to rely on these representations because Terry Gier was a known mechanic and had worked on other trucks for Bryan Trucking. Ring was aware that Terry Gier was a mechanic as Gier had previously done work for Bryan Trucking. Gier was acting as an agent in fact for Ring at the time Gier made such representations.
21. As a result of Defendants’fraudulent representations, Bryan has been injured in an amount to be determined at trial.
22. Bryan Trucking’s damages include, but are not limited to the cost to repair the motor, cost to replace the motor and/or loss of use of the truck and income derived from the use of the truck.
23. Bryan Trucking has been damaged by an amount to be proven at trial, with such amount exceeding $10,000.
(Emphases added.)
The issue is not whether Bryan Trucking alleged a valid cause of action against Gier. It is whether Bryan Trucking filed an action seeking to recover against Gier in a commercial transaction. Bryan Trucking’s purchase of the truck was clearly a commercial transaction, and Bryan Trucking alleged that it was entitled to recover against Gier because of statements made by Gier while acting as an agent for the seller that induced Bryan Trucking to purchase the truck. Bryan Trucking clearly sought to recover against Gier in a commercial transaction.